## LEÓN ANGLADA, Plaintiff and Appellee, *v.* RAMÓN MORALES, Defendant and Appellant.

### No. 3408. Argued February 26, 1925.—Decided July 8, 1925.

INJUNCTION—POSSESSION—PLEADING.—It is sufficient to allege in the complaint in an injunction proceeding for the restoration of the possession of real property that the plaintiff is the owner of the property and had been in possession of it and that the defendant ousted him and is holding possession of the said property.

District Court of Aguadilla, Tomás Bryan, J. Judgment for the plaintiff in an injunction proceeding to recover possession. *Affirmed.*

*Buenaventura Esteves* for the appellant. *José Luis R. Cancio* for the appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

Defendant appeals from an adverse judgment in a proceeding for a mandatory injunction to restore the possession of real estate and says that—

1.—The district court erred in overruling the demurrer and in holding that the complaint stated facts sufficient to constitute a cause of action.

2.—The district court erred in ordering that everything relating to the title should be stricken from the cross-complaint ''allowing what referred to the possession and the facts to remain in force and effect; that is, to strike from the cross-complaint all of clause 'B'; all of clause 'C'; the words 'without title' following the first comma from clause 'D', and the phrase 'as owner' following the words 'of which he has been and is in possession' and the words 'and just title' after the phrase 'in good faith.' ''

3.—The district court committed manifest error in weighing the evidence in this case and displayed marked prejudice and bias against the defendant and in favor of the plaintiff.

4.—The district court erred in rendering in this case a judgment contrary to law and to the evidence in detriment of the obvious right of the defendant to the possession of the land of which he is the lawful owner.

The facts stated in the complaint are:

2.—That the plaintiff is the owner in fee simple of the property hereinafter described, of which he has been in actual possession for more than five years: "Rural property consisting of seven acres (*cuerdas*), situated in the ward of Salto of San Sebastián, P. R., bounded on the north by lands of the defendant and the Cáncora creek; on the south by other lands belonging to the plaintiff; on the east by lands of Manuel Cruz; and on the west by lands of Juan Rivera Santana."

3.—That about 20 days ago, the defendant, accompanied by Pedro and Antonio Morales in the capacity of employees, armed with cane-knives and in an aggressive manner, ousted the plaintiff from the physical possession of the aforesaid property, driving some cattle which the plaintiff owned thereon to other adjoining lands on the south side belonging to the plaintiff.

4.—That on the day these events occurred the defendant, with the help of Antonio and Pedro Morales. drove cattle onto the said unlawfully seized property, the said Pedro and Antonio taking charge of the said cattle and property.

5.—That since the day these things happened the defendant has continued and still continues withholding the physical possession of the property in question and has threatened to take the life of the plaintiff or of any other person who under his orders may attempt to recover the possession of the property aforesaid.

A careful reading of the statutes upon which the action was based, as amended in 1917, will suffice to show that the first contention of appellant cannot be sustained.

The answer was filed when the case was called for trial, and plaintiff moved to strike the new matter set up by way of affirmative averments. Defendant offered no explanation of the elaborate exposition as to source, character and status of his title, but the court was quick to discover that certain portions of the document, if liberally construed, might involve the claim that defendant was in possession of a parcel of 15 *cuerdas* of land adjoining the property of plaintiff, and that plaintiff was seeking to deprive defendant of a portion of the lands so possessed by him. Having

discerned this, the court below, acting upon the theory that only a question of possession was involved, proceeded to eliminate the matters mentioned in the second assignment.

The only ground of exception stated was that the averments thus stricken did not ''constitute a conflict of title'' and the argument in the brief is in substance that—

''The averments of the defendant ordered to be stricken by the court tended to show that the plaintiff did not own, and has never owned, any property of seven acres of the description set out by him in his complaint, or of any other description, and that the defendant does not and cannot wrongfully withhold an imaginary possession. The complaint also avers that the seven acres are bounded on the north by lands belonging to the defendant and our defense goes to show that we own a property of 15 acres, *duly recorded,* which is bounded on one side by lands that belonged to José Santos Hernández, and now belong to the plaintiff, and that the latter, without title or right, by violent means and the adoption of an aggressive and swaggering attitude, has been trying to oust the defendant from a part of said property, disturbing him in the possession thereof, tearing down wires and fences put up by the defendant, who has been compelled at various times to appeal to the authorities of San Sebastián and even to institute criminal proceedings to compel the plaintiff to respect his rights.''

If this was in fact the dominant thought of the pleader, then a prompt statement to that effect should have been made when the motion to strike was presented. Aside from the question of record of title in the registry of property, which clearly had nothing to do with the case, the matters last above mentioned appeared, in so far as they appeared at all, not from the stricken averments, but from what remained after the elimination of the element of title.

In any event defendant was permitted to prove by oral testimony his title or claim of ownership as to the 15 *cuerdas* and the court below did not question such title or claim in any way or at any time. The error, if any, in granting, to the extent indicated, the motion to strike, therefore, was harmless.

We find no error in the weighing of the testimony, nor is the judgment contrary to the evidence.

The principal witnesses for the defense were the defendant and his two sons.

The testimony for plaintiff tended strongly to support the averments of the complaint and the findings made substantially in accordance therewith, was in its essential details unshaken by extended cross-examination, and practically uncontradicted by the above-mentioned witnesses for the defense. The statement of defendant and that of one of his sons seem to have been made in the absence of counsel for plaintiff, and neither was subjected to the test of cross-examination. The manner in which the other son met that test was not calculated to inspire confidence in the truth of his assertions.

An abstract from the stenographic record embodying the substance of defendant's testimony, following his description of the property owned by him and the manner of its acquisition, will suffice to illustrate the peculiar method employed in the examination of these witnesses. It follows (italics ours):

"Tell me, did you, *armed with a cane-knife,* ever drive any cattle *from any property belonging to Anglada?*—No, sir, never; I *have caught animals* belonging to Anglada *on my property* and taken them to the pound.—How many times?—Three or four.—So that, every time you found cattle belonging to León Anglada on your property you took them to the pound?—I took them to the pound.—Has León Anglada any property adjoining yours?—A property that used to belong to Chepo Hernández adjoins mine.—That belonged to José Hernández?—Hernández.—How many acres did it contain?—About forty *cuerdas.*"

Had the denials contained in the answer filed by defendant been framed in the form of such a plain negative pregnant, plaintiff would have been entitled to a judgment on the pleadings.

That the court below was impressed from the beginning with the truth of the testimony for plaintiff, and suspicious of that adduced by defendant, is quite obvious; and no effort seems to have been made to conceal the fact. Nor is the fact that the trial judge failed to mask his mental attitude evidence of passion or prejudice. It is true that he participated somewhat more freely than was necessary in the examination of the witnesses; and we have had occasion heretofore to call attention to the propriety of some degree of self-restraint in the matter of interfering with the conduct of the case by counsel. *Butler et al.* v. *Sorongo et al.*, 28 P.R.R. 77. But in the present instance we find no such abuse of discretion in this regard as to warrant a reversal.

Defendant, just before closing his case, called plaintiff as a witness. Counsel for plaintiff asked what defendant intended to prove by this witness; and, apparently without waiting for a reply from counsel for defendant, the court made a rather remarkable, not to say startling, announcement, which fortunately we are not required to quote in full, or to pass upon with reference to its intrinsic merits or defects. The ruling actually made has not been shown to have deprived defendant of any substantial right, nor even assigned as error, but is relied upon only as the culminating point of a series of circumstances regarded by counsel for appellant as indicative of passion and prejudice in the mind of the district judge.

We are unable to agree with appellant as to the significance of these details; although, if the preponderance of the evidence had been as clearly in favor of defendant as it was in favor of plaintiff, then the attitude now complained of might have been difficult to explain or to sustain. But if the situation had been reversed, in so far as the weight of the evidence adduced at the trial is con-

cerned, then, it is fair to assume, plaintiff instead of defendant would have had quite as much ground for complaint with reference to the attitude of the trial judge as defendant now has.

The incident last above mentioned discloses a lamentable lack of acquaintance with elementary rules of evidence; and such haste in disposing of a point upon which the court is not well informed, and in rushing to the assistance of a witness who is also a party and represented by counsel before he has taken the stand or had even invoked the aid or protection of the presiding judge, or is in any apparent danger or need of such protection or aid, is of course not to be commended. But plaintiff had been convicted of malicious mischief in the municipal court and the case had been dismissed on appeal to the district court as involving a civil controversy instead of a criminal offense. Construed in connection with this circumstance, the reasons given by the trial judge for his action, however erroneous they may be, indicate a strong conviction that plaintiff, as a defendant confronted by what the court below, with or without reason, characterized as a cross-complaint, was entitled to some sort of privilege or exemption, the infringement of which ought not to be tolerated. Just what was in the mind of the court is not clear. Perhaps it was not clear to the court itself. But from what does appear we are persuaded that both the ruling made and the reasons assigned for such action proceeded from an honest misapprehension of rules of evidence and procedure, rather than from any passion or prejudice, conscious or subconscious.

After a careful consideration of the whole record it is difficult to conceive how any court could have arrived at a different conclusion, and the judgment appealed from must be affirmed.